NOTICE

Decision filed 02/06/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 170265-U

NO. 5-17-0265

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 11-CF-2738 |
| | ) | |
| NIGEL GENERALLY, | ) | Honorable |
| | ) | Neil T. Schroeder, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice Welch and Justice Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*: We reverse the first-stage dismissal of the defendant's *pro se* postconviction petition, and remand for appointment of counsel and further proceedings, because the petition states the gist of a constitutional claim.

¶ 2    The defendant, Nigel Generally, appeals the summary dismissal, at the first stage of proceedings, of his *pro se* petition for postconviction relief. For the following reasons, we reverse the dismissal and remand for appointment of counsel and further proceedings.

¶ 3                                I. BACKGROUND

¶ 4    The following facts are derived from the record on appeal. Some of them were included in this court's previous order in this case, which was issued in appellate case number 5-15-0441 (*People v. Generally*, No. 5-15-0441 (2017) (unpublished summary order under Illinois Supreme Court 23(c))). On April 8, 2013, the defendant pled guilty to one count of first-degree murder in

1

exchange for the State's agreement to dismiss all other pending charges and to seek a sentence of no more than 40 years' imprisonment. Following a June 20, 2013, sentencing hearing, the defendant was sentenced to 33 years' imprisonment. The defendant's motion to reconsider his sentence was denied. He did not appeal. On June 15, 2015, the defendant filed a petition for postjudgment relief pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)). The defendant argued that his sentence was void because the judge was biased against him, refused to consider the relevant factors in mitigation, imposed a sentence that was disproportionate to that of his codefendant, and stated that "the law will be used to revenge the victim's death." The defendant sought relief in the form of a resentencing hearing. The State did not file a motion to dismiss, an answer, or any other responsive pleading. The circuit court denied the defendant's petition and he appealed.[1]

¶ 5        On March 28, 2017, while the above appeal was pending, the defendant filed, *pro se*, a petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). Therein, the defendant alleged that his 33-year sentence was a "*de facto* sentence of life without parole," and that the sentence should be vacated. The defendant alleged that in a previous case, this court had "relied on recent U.S. Supreme Court case law to form its analysis of the proportionate penalties clause" in relation "to a mandatory natural life sentence." The defendant also alleged that under the statute under which he was sentenced, the sentencing judge "was precluded from considering the [defendant's] 'youth' diminished culpability because of the characteristics of youth, and the way it weakens rationales for punishment. Not to mention other mitigating factors as well." He asked, *inter alia*, to be

---

[1]On December 6, 2017, this court issued a summary order in which we affirmed the circuit court's denial of the defendant's section 2-1401 petition. *Generally*, No. 5-15-0441, ¶¶ 6-8. In the present appeal, the State does not contend, in its brief filed on August 27, 2019, that our December 6, 2017, ruling in any way forecloses the arguments raised, or the relief requested, by the defendant in this appeal.

resentenced "in conjunction with Illinois Constitution Article 1 Section 11 proportionate penalties clause."

¶ 6     On June 8, 2017, the circuit court judge handling the case entered a written order in which he summarily dismissed the defendant's *pro se* petition, ruling that the petition was frivolous and patently without merit because, *inter alia*, (1) "[t]he defendant's age and childhood were brought to the forefront during the sentencing, both by testimony and exhibits introduced by [the defendant's trial counsel]" and (2) the sentencing judge "specifically commented on taking the defendant's age into account and noted the various life stages the defendant would be at upon release from prison given various length sentences," which resulted in the defendant's sentence being "considerate of the defendant's age and level of maturity at the time the offense was committed." This timely appeal followed.

¶ 7                                    II. ANALYSIS

¶ 8     On appeal, the defendant acknowledges that in light of the Illinois Supreme Court's recent decision in *People v. Buffer*, 2019 IL 122327, ¶¶ 40-41 (prison sentence of 40 years or less imposed on juvenile offender not a *de facto* life sentence), his 33-year sentence does not qualify as a *de facto* life sentence. Accordingly, the defendant acknowledges that his arguments related thereto are no longer viable and must be abandoned on appeal. However, the defendant contends his petition nevertheless was sufficient to survive a first-stage dismissal, arguing that the petition raises the gist of a proportionate penalties clause claim that is independent of his now-abandoned *de facto* life sentence claim. In particular, the defendant points to the fact that his petition raises a claim under the Illinois Constitution, and contends that this court has held that a sentence may be disproportionate under our constitution even if it is not a *de facto* life sentence. The State does not address the latter argument, focusing instead in its brief on appeal

3

only on the defendant's now-abandoned *de facto* life sentence claim (which, we note, the defendant abandoned prior to the State's filing of its brief).

¶ 9 We review *de novo* the first-stage, or summary, dismissal of a petition for postconviction relief. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). At the first stage of proceedings on such a petition, a defendant "need only present a limited amount of detail in the petition." *Id*. As the *Hodges* court noted, "[b]ecause most petitions are drafted at this stage by defendants with little legal knowledge or training," reviewing courts will view "the threshold for survival as low." *Id*. A defendant need only state the "gist" of a constitutional argument, a requirement that is met if a defendant alleges "enough facts to make out a claim that is arguably constitutional for purposes of invoking the Act," even if the petition as drafted at the first stage "lacks formal legal arguments or citations to legal authority." *Id*. The trial court may dismiss a petition at the first stage as "frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." *Id*. at 11-12. Moreover, "[w]here defendants are acting *pro se*, courts should review their [first-stage] petitions 'with a lenient eye, allowing borderline cases to proceed.' " *Id*. at 21 (quoting *Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983)).

¶ 10 We agree with the defendant that his petition meets the very low standard necessary to survive a first-stage dismissal, because it has an arguable basis. As the defendant points out, the sentencing judge in his case specifically stated, on the record, that none "of the statutory factors of mitigation" were present in this case, which calls into question any suggestion that the sentencing judge considered the defendant's youth as a factor related to the defendant's rehabilitative potential. As the defendant also points out, the only consideration by the sentencing judge of the defendant's age was in the judge's statements about what ages the defendant would be when released from prison under various sentencing scenarios. As the defendant aptly notes, following his post-*Buffer* abandonment of his *de facto* life sentence claim,

4

his sole remaining claim is that his sentence runs afoul of the protections of the proportionate penalties clause because the sentencing judge "failed to properly consider his youth and rehabilitative potential, especially in light of the new research in neuroscience and brain development regarding youthful offenders." We conclude the defendant has stated the gist of a constitutional claim with an arguable basis. At this point, of course, the defendant has not fully developed this argument. If, after consultation with appointed counsel at the trial court level on remand, the defendant wishes to persist in this claim, he should have the opportunity to file an amended petition (see, *e.g.*, *People v. Boclair*, 202 Ill. 2d 89, 100 (2002)), and the State should have the opportunity to respond thereto.

¶ 11                                    III. CONCLUSION

¶ 12     For the foregoing reasons, we reverse the first-stage dismissal of the defendant's petition for postconviction relief, and remand for appointment of counsel to represent the defendant, and for further proceedings.


¶ 13     Reversed and remanded.

5